UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SCOTT SHEFFIELD,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES FEDERAL TRADE COMMISSION, *et al.*,<br><br>*Defendants*. | No. 4:25-cv-00048-P |

**JOINT MOTION TO STAY PROCEEDING OR, ALTERNATIVELY, TO EXTEND THE FTC'S ANSWER DEADLINE**

Defendants (collectively, "the FTC") and Plaintiff ("Mr. Sheffield") jointly move the Court to stay this proceeding for ninety days and administratively close the case. Alternatively, the FTC moves to extend its answer deadline by sixty days. Mr. Sheffield does not oppose the FTC's request if the Court denies the stay.

**I.    BACKGROUND**

Scott Sheffield sued the FTC in this Court on January 21, 2025. *See* ECF No. 1. Mr. Sheffield also challenged certain FTC actions in a separate administrative proceeding captioned *In re ExxonMobil Corp.*, No. C-4815 (Fed. Trade Comm'n, 2024–2025) (hereinafter, "*In re Exxon*"). *See id.* A lot has changed since then, both for the FTC in general and as it pertains to Mr. Sheffield's administrative grievance. Among other things, Mr. Sheffield filed a petition to set aside and vacate the FTC's final decision and order in *In re Exxon* on March 14. Resolution of Mr. Sheffield's administrative petition would very likely moot this case and obviate the need for the Court's intervention. Accordingly, for the reasons below, the parties jointly request a stay of this proceeding pending that administrative adjudication because the stay would best serve the interests of justice and increase judicial economy.

## II.    LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). In this way, stays are "an exercise of judicial discretion[,]" *Nken v. Holder*, 556 U.S. 418, 427 (2009), seeking to further "the interest[s] of justice[,]" *WedgeWorth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). While a more formulaic four-factor analysis applies to stays pending appeal, the query here is simpler: would the requested stay increase judicial economy, given "the circumstances of the particular case." *See Nken*, 556 U.S. at 434. And the decision to grant a stay has one overarching consideration, shared with all exercises of a court's inherent docket-management power: "to achieve 'the just, speedy, and inexpensive determination of every action.'" 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1165 (4th ed. 2008).

## III.    ARGUMENT

The Court should exercise its inherent docket-management discretion to stay this proceeding for ninety days, as such a stay would further the interests of justice and increase judicial economy. For one, the requested stay is made jointly by the parties, and not for purposes of delay, but to promote non-judicial resolution of this matter via Mr. Sheffield's administrative petition. *Cf., e.g.*, *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 317 (3rd Cir. 2011) (stating "parties to a suit have the right to agree to anything they please in reference to the subject matter of their litigation, and the court, when applied to, will ordinarily give effect to their agreement").

Moreover, in conferring on the requested stay, the parties both noted that the Fort Worth Division of the Northern District of Texas consistently outpaces its sister divisions despite having, on average, a far-busier docket. *See, e.g.*, *Chamber of Com. of U.S. v. CFPB*, 733 F. Supp. 3d 558, 564

n.4 ("[C]ompare the average times from indictment to trial (criminal) and complaint to trial (civil) in Dallas and Fort Worth. In Dallas, the average criminal case took 38 months to proceed from indictment to trial. The average in Fort Worth is 5 months. In Dallas, the average civil case took 35 months to proceed from complaint to trial. The average in Fort Worth is 16 months . . . [and] on average, the Fort Worth Division handles 2–3 times the cases of the Dallas Division."). A stay and accompanying administrative closure of this case would prove harmonious with that efficiency, as it would obviate any need for the Court to expend precious judicial resources on a case that could be mooted in the near future. *See, e.g.*, *Allen v. CH2M-WG, Idaho, LLC*, No. 4:08-cv-422-REB, 2009 WL 1658018, at *8 (D. Idaho June 10, 2009) (granting a stay pending resolution of administrative proceedings related to a plaintiff's termination claim under the Energy Reorganization Act); *Gentry v. Cellco P'ship*, No. CV 05-7888 GAF (VBKx), 2006 WL 6927883, at *1 (C.D. Cal. Mar. 22, 2006) (granting a stay pending resolution of a proceeding before the Federal Communications Commission because "the FCC's ruling will be dispositive of the claims in this case.").

Should the Court disagree for any reason, the parties alternatively request a sixty-day extension of the FTC's deadline to file an answer or other responsive pleading. This too would serve "the just, speedy, and inexpensive determination of [this] action," as it would temporarily obviate the Court's expenditure of time and resources on post-answer case management. *See* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1165. After sixty days have expired, the parties could proceed promptly with litigating the matter, or they may be better poised to resolve the dispute out of court.

### IV.    CONCLUSION

For the reasons above, the parties respectfully request that the Court grant a ninety-day stay and administratively close this case for docket-management purposes. Alternatively, the Court should grant the FTC's unopposed motion to extend the FTC's answer deadline by sixty days.

Dated: March 21, 2025                          Respectfully Submitted,

*/s/ Robert M. Manley*
MCKOOL SMITH P.C.
Robert M. Manley (State Bar No. 00787955)
Tyler Freeman (State Bar No. 24131316)
300 Crescent Court, Suite 1200
Dallas, TX 75201
Tel. (214) 978-4000
Fax (214) 978-4044
rmanley@mckoolsmith.com
tfreeman@mckoolsmith.com

Joshua Jones (State Bar No. 24129700)
600 Travis Street, Suite 7000
Houston, TX 77002
Tel. (713) 485-7300
Fax (713) 485-7344
jjones@mckoolsmith.com

THE LAW OFFICE OF JASON NASH, P.L.L.C.
Jason Nash (State Bar No. 24032894)
601 Jameson St.
Weatherford, TX 76086
Tel. (817) 757-7062
jnash@jasonnashlaw.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP
David I. Gelfand (*pro hac vice* forthcoming)
Jeremy J. Calsyn (*pro hac vice* forthcoming)
Nowell D. Bamberger (*pro hac vice* forthcoming)
Joseph M. Kay (*pro hac vice* forthcoming)
2112 Pennsylvania Avenue NW
Washington, DC 20037
Tel. (202) 974-1500
Fax (202) 974-1999
dgelfand@cgsh.com
jcalsyn@cgsh.com
nbamberger@cgsh.com
jkay@cgsh.com

*Attorneys for Scott Sheffield*

And:

CHAD E. MEACHAM
Acting United States Attorney

*s/Tami C. Parker*
Tami C. Parker
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit # 4
Fort Worth, TX 76102-6882
Texas Bar No. 24003946
Telephone:  817-252-5200
Facsimile:   817-252-5458
E-mail:  tami.parker@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Robert Manley, hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on March 21, 2025.

/s/ *Robert M. Manley*
Robert M. Manley

## CERTIFICATE OF CONFERENCE

I, Joshua Jones, hereby certify that, on March 19, 20, and 21, I conferred with all counsel of record, including Assistant United States Attorney Tami Parker, regarding the contents of this Motion. The parties have no dispute on either form of relief sought herein.

/s/ *Joshua D. Jones*
Joshua D. Jones